# THE ATTORNEY GENERAL
# OF TEXAS
GERALD C. MANN         AUSTIN 11, TEXAS
XXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL



Honorable H. D. Crawford
County Attorney
Burnet County
Burnet, Texas

Dear Sir:

Opinion No. 0-1966

Re: Whether or not the County Tax
Assessor-Collector can now
change the precinct number
appearing on poll tax receipts
in order that the receipts may
reflect the correct precinct
number as existing at the time
of the issuance of said re-
ceipts and related questions.

We received your letters dated February 12 and 14,
1940, requesting our opinion on certain questions based upon
certain facts which are contained in a letter written by the
Tax Assessor-Collector and addressed to you. We quote the
facts from said letter as follows:

"It has developed that in one part of the
county, and the same situation may exist in other
parts of the county, that there have been a number
of resident property taxpaying voters who have been
customarily voting in one voting precinct and pay-
ing their poll tax in such precinct, when in truth
and in fact they resided within the boundaries of
another voting precinct. This was a result of
misunderstandings on the part of the individuals
as to the exact voting precinct in which they re-
sided, and they were under the impression and
believ that they were paying their poll tax and
voting in the correct precinct. However, a deline-
ation of the lines of the various precincts shows
that in these particular cases the parties are in-
cluded or their place of residence included, within
the boundaries of the other voting precincts."

The questions are as follows:

1.  What is the proper method of correcting the matter so that these voters can vote in the precinct of their residence?

2.  What is the proper method of showing the same on the poll tax records of this county?

3.  "Under the circumstances above detailed, may I, as Assessor-Collector of Burnet County, Texas, take up the poll tax receipt issued to these parties for the year of 1939 and in lieu of the previously issued receipt issue a new receipt in the proper voting precinct and show such payment in the proper precinct on the list of qualified voters of the county.

4.  "Under the circumstances is it necessary that any action be taken or can these particular voters having paid their 1939 poll tax, even though paid in the wrong precinct through mutual mistake vote in the correct precinct upon displaying their poll tax receipt.

5.  "In one instance a young man who had not voted prior to this year sent in a signed order authorizing the payment of his poll tax by another and designated in such order that he voted in one precinct when in truth and in fact, he should have voted in an adjoining precinct.  May I take up this receipt and issue a new one or is it necessary to do so?"

Article 2936, Revised Civil Statutes, reads as follows:

"All voters shall vote in the election precinct in which they reside."

It follows from the above statute that a qualified voter can only vote in the precinct where he or she resides. Since we find nothing in the statutes or in the Constitution rendering a poll tax receipt void or disqualifying a person from voting because an incorrect precinct number was placed on his or her receipt, the person, having otherwise qualified, is entitled to vote in the precinct of his or her residence.

We are of the opinion that the County Tax Assessor-Collector should correct the receipts in question when the matter is called to his attention.  This correction can be

Honorable H. D. Crawford, Page 3

made on the original poll tax receipt by drawing a line through the incorrect number and inserting the correct number thereon.

We are also of the opinion that the duplicate copy of said poll tax receipt, which is kept in the office of the Tax Assessor-Collector, should be corrected in the same manner. In this way, the poll tax receipt will reflect the true facts as they existed at the time of the payment of said poll tax.

We call your attention to Article 2975, Vernon's Annotated Civil Statutes, which reads, in part, as follows:

"Before the first day of April every year, the County Tax Collector shall deliver to the Board that is charged with the duty of furnishing election supplies separate certified lists of citizens in each precinct who have paid their poll tax or received their certificates of exemption, the names being arranged in alphabetical order and to each name its appropriate number as shown by the duplicate retained in his office with a description of the voter as to his residence, his voting precinct. . . ." (Underscoring ours.)

The above Article provides that the certified lists of poll tax payers shall contain a description of the voting precinct of the qualified voter. It seems clear from the language in the above Article that the Legislature contemplated that the certified lists should contain the precinct number in which a person may lawfully vote and not the number of the precinct appearing on a poll tax receipt wherein the voter cannot lawfully vote. This will tend to prevent the voters in question from voting in a precinct in which they are not lawfully entitled to vote.

In answer to the fourth question, we are of the opinion that a person having a poll tax receipt containing an incorrect precinct number thereon is, nevertheless, entitled to vote in the precinct of his residence and the vote of said person would be a lawful vote. However, should his name not be on the certified list containing the names of the voters for the precinct of his residence, it may be that the election judge would require proof as to his right to vote in that particular precinct. It would seem that

the Tax Assessor-Collector would be the only person who could actually correct this matter.

Because of the information contained above, we do not deem it necessary to answer questions numbered 3 and 5.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By    /s/ Glenn R. Lewis
       Glenn R. Lewis
            Assistant


By    /s/ Lee Shoptaw
       Lee Shoptaw

LS:BBB:mjs

APPROVED MAR 21, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS


APPROVED OPINION COMMITTEE
BY BWB CHAIRMAN